IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON
CRIMINAL ACTION NO. 16-CR-5-SS-KKC

UNITED STATES OF AMERICA,                                          PLAINTIFF,

-VS-

SCOTTY JAMES WATSON,                                              DEFENDANT,

---

## MOTION FOR COMPASSIONATE RELEASE.

---

COMES NOW Defendant, Scotty James Watson, by and through counsel, and respectfully moves the Court to grant him a compassionate release from further execution of his sentence.

<u>Historical Data</u>

1.      Mr. Watson pleaded guilty to a violation of 21 U.S.C. §846 Conspiracy to Distribute 500 Grams or More of Methamphetamine.

2.      By Judgment entered May 25, 2017, Mr. Watson was sentenced to ninety-five (95) months incarceration to be followed by five (5) years of supervised release.

3.      Mr. Watson was assigned to FCI Manchester to serve his sentence with a scheduled release date of September 21, 2022.

<u>Grounds for Motion</u>

Post sentencing, Defendant was diagnosed with Stage 4 Lung Cancer and his worsening condition in late March, 2020 caused the Bureau of Prison to transfer him from FCI Manchester to Manchester Memorial Hospital, who in turn transferred him to the University of Kentucky Medical Center, from which he was returned to FCI Manchester.

Then, in April, 2020, Mr. Watson was again transferred from FCI Manchester to Baptist Regional Medical Center in Corbin, Kentucky who in turn immediately transported him to the University of Kentucky Medical Center.  Mr. Watson has since been released from the University of Kentucky Medical Center and based on information obtained from Mr. Waston's mother this was due to the terminal nature of his illness.

According to the BOP Inmate Locator application, Mr. Watson has since been transferred to Butner FMC in North Carolina, presumptively due to his terminal condition.

<u>Administrative Remedies</u>

Based upon information and belief obtained from Mr. Watson's mother, as counsel has been unable to confer personally with Mr. Watson due to his medical condition, Mr. Watson had previously requested the Warden of FCI Manchester to grant him compassionate release.

On April 13, 2020, the undersigned counsel prepared and served upon the Warden of FCI Manchester a formal request for compassionate release.  That request was in compliance with 18 U.S.C. §3582( c)(1)(A) and was served by the United States Postal Service via Certified Mail with Return Receipt Requested.  The letter was signed for by Melissa Warren on April 16, 2020.

More than thirty (30) days have expired with no action or response frrom the Warden.

<u>Legal Standard</u>

18 U.S.C. §3582( c)(1)(A)(i), as amended by the First Step Act, allows a Defendant to file a motion for compassionate release with the sentencing court to reduce the term of imprisonment.  The statute requires the Defendant to have exhausted all administrative rights which include a formal request through the Warden of the defendant's facility and upon either the failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility.

Mr. Watson submits that his terminal medical condition constitutes an extraordinary and compelling basis for early release.  In compliance with 28 C.F.R. §571.61 the following unverified information is provided:

1.     Mr. Watson believes that (a) family history of lung cancer (his father died with lung cancer) paired with (b) his diagnosis of stage four lung cancer, along with ( c)  his recent need to have fluid removed from around his heart, and (d) COVID, individually and collectively constitute extraordinary or compelling circumstances which warrant consideration.

2.     If released from federal custody, Mr. Watson would reside with his mother, Susan Watson in her home located at 127 Perry Road, in Sterns, Kentucky.  Due to the anticipated short amount of time remaining in his life, Mr. Watson believes his mother and her fiancé are financially capable of providing for his support, and that his medical needs can be met financially by private funds assisted by medicaid.

3.     Neither Mr. Watson or his mother are in possession of any of his medical records as such records accrued by Mr. Watson was in federal custody.  It is not anticipated the BOP will dispute the seriousness of his medical condition.

On May 20, 2020, defense counsel conferred with AUSA Sam Dotson who confirms his recent and extensive communication with the BOP concerning this matter.  Mr. Dotson advises that both the BOP and the AUSA office are in agreement with the requested relief.

**WHEREFORE** Defendant, James Scotty Watson, respectfully demands the Court to reduce the term of imprisonment to allow for his immediate release from custody, with or without conditions that do not exceed the unserved portion of the original term of imprisonment.

Respectfully submitted,


/s/      Douglas G. Benge
DOUGLAS G. BENGE, ESQUIRE
303 SOUTH MAIN STREET
LONDON, KENTUCKY 40741
TELEPHONE: (606) 878-8845
EMAIL: douglasbenge@alltel.net


## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on May 20, 2020 the foregoing Motion was served by

electronically filing same with the CM/ECF system for automatic distribution to the Court, Clerk,

Assistant United States Attorney and the office of Probation.

/s/      Douglas G. Benge
DOUGLAS G. BENGE, ESQUIRE